ATTORNEYS FOR APPELLANTS
W. Brent Gill
Ken Nunn Law Office
Bloomington, Indiana

James O. McDonald
Terre Haute, Indiana

ATTORNEYS FOR APPELLEES
Edward J. Liptak
Jeremy M. Dilts
Carson Boxberger LLP
Bloomington, Indiana

FILED
Aug 08 2013, 11:27 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 59S01-1205-PL-249

MARY ALICE MANLEY, AND
GARY MANLEY,                                                  *Appellants (Plaintiffs),*

v.

RYAN J. SHERER, M.D., AND
SHERER FAMILY MEDICINE, P.C.,                    *Appellees (Defendants).*

Appeal from the Orange Circuit Court, No. 59C01-1007-PL-320
The Honorable J. Terrence Cody, Special Judge

On Transfer from the Indiana Court of Appeals, No. 59A01-1104-PL-190

**August 8, 2013**

**Dickson, Chief Justice.**

In this medical malpractice action the plaintiffs, Mary Alice Manley and Gary Manley, appeal from a grant of summary judgment in favor of the defendants, Dr. Ryan Sherer and Sherer Family Medicine, P.C.  We reverse.

On November 27, 2006, Mary Manley was involved in a head-on automobile collision with Kimberly Zehr.  At the scene of the accident, Ms. Manley overheard Ms. Zehr say that "she

1

should not be driving because of her medical condition." Appellants' App'x. at 24. At an unspecified later date, Ms. Manley learned of an undated letter from Ms. Zehr's physician, Dr. Sherer, to the Orange County Prosecuting Attorney reporting that Ms. Zehr had several medical conditions that, combined with medications she had been prescribed by Dr. Sherer, may have contributed to the automobile accident. *Id.* at 125.

The plaintiffs sued Ms. Zehr alleging that, as a result of the collision, Ms. Manley suffered permanent, debilitating injuries that required extensive hospitalization and Mr. Manley suffered a loss of spousal consortium. That case settled for an undisclosed sum.[1] On November 25, 2008, the plaintiffs filed a proposed complaint with the Indiana Department of Insurance against Dr. Sherer and his medical group alleging medical negligence in failing to warn Ms. Zehr not to drive while she was taking her medication. On July 30, 2010, the defendants filed a motion for preliminary determination of law and for summary judgment contending that the plaintiffs failed to timely file their complaint. The trial court granted summary judgment in favor of the defendants, the plaintiffs appealed, and the Court of Appeals reversed. Manley v. Sherer, 960 N.E.2d 815, 818 (Ind. Ct. App. 2011). We granted transfer, thereby vacating the opinion of the Court of Appeals. Ind. Appellate Rule 58(A).

When a trial court's ruling granting or denying summary judgment is challenged on appeal, the procedure and standard under Indiana law is clear. Our standard of review is the same as it is for the trial court. Kroger Co. v. Plonski, 930 N.E.2d 1, 4 (Ind. 2010). The moving party "bears the initial burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law." Gill v. Evansville Sheet Metal Works, Inc., 970 N.E.2d 633, 637 (Ind. 2012). Summary judgment is improper if the moving party fails to carry its burden, but if it succeeds, then the non-moving party must come forward with evidence establishing the existence of a genuine issue of material fact. *Id.* We construe all

---

[1] The complaint filed by the Manleys against Ms. Zehr was not included in the record provided to this Court. Therefore, we do not know the exact date the Manleys initiated their claim against Ms. Zehr. The record does contain a "Plaintiffs' Response to Defendants' Interrogatories and Requests for Production of Documents," related to that action, which was completed on May 4, 2007. Appellants' App'x at 35–52. Therefore, for purposes of this opinion we simply note that the initial action commenced at some point before May 4, 2007.

factual inferences in favor of the non-moving party and resolve all doubts as to the existence of a material issue against the moving party. Plonski, 930 N.E.2d at 5. An appellate court reviewing a challenged trial court summary judgment ruling is limited to the designated evidence before the trial court, *see* Ind. Trial Rule 56(H), but is constrained to neither the claims and arguments presented at trial nor the rationale of the trial court ruling, *see* Woodruff v. Ind. Family & Soc. Servs. Admin., 964 N.E.2d 784, 790 (Ind. 2012) ("We will reverse if the law has been incorrectly applied to the facts. Otherwise, we will affirm a grant of summary judgment upon any theory supported by evidence in the record."); Wagner v. Yates, 912 N.E.2d 805, 811 (Ind. 2009) ("[W]e are not limited to reviewing the trial court's reasons for granting or denying summary judgment but rather we may affirm a grant of summary judgment upon any theory supported by the evidence.").

In the present case, the defendants' motion for summary judgment primarily asserts that the plaintiffs' action was not timely commenced in accordance with the Indiana Medical Malpractice Act, which requires claims to be filed within two years of the allegedly negligent act, omission, or neglect. Ind. Code § 34-18-7-1(b). The defendants claim that the last possible alleged act of malpractice occurred on November 21, 2006, when Ms. Zehr last visited Dr. Sherer, and that because the plaintiffs' proposed complaint was not filed until November 25, 2008, more than two years later, it was untimely. In the defendants' additional trial court brief in support of their motion for summary judgment, they further argue that the medical malpractice statute of limitation bars this action because the plaintiffs filed their proposed complaint with the Department of Insurance but at no time did they ever file their complaint in court.[2] In addition to asserting their statute of limitation defenses, the defendants also seek summary judgment on the alternative claim that undisputed facts establish that the alleged failure of Dr. Sherer to warn Ms. Zehr against driving could not have been the proximate cause of the ensuing collision. Opposing the defendants' motion for summary judgment, the plaintiffs argue that the Medical Malpractice Act does not apply to their claim because Ms. Manley was not a patient of Dr. Sherer, and thus

---

[2] The present proceeding was initiated in the Orange Circuit Court on July 30, 2010, when the defendants requested a preliminary determination of law and summary judgment. Presumably the plaintiffs' proposed complaint, filed with the Department of Insurance on November 25, 2008, was still awaiting final action by a medical review panel at the time the defendants filed their motion for preliminary determination and for summary judgment.

the plaintiffs' claim is not one for medical malpractice subject to the special occurrence-based statute of limitation. As to the defendants' claim regarding proximate causation, the plaintiffs contend that the foreseeability component of proximate cause is a question of fact in this case.

We preliminarily reject the plaintiffs' claim that their action against Dr. Sherer and his medical group is not governed by the Indiana Medical Malpractice Act. The plaintiffs have treated it otherwise by filing their proposed complaint with the Department of Insurance as required by the Act. They may not now contend that the Medical Malpractice Act and its time limitation do not apply to their claim.

With respect to the statute of limitation issue, we find that the defendants are not entitled to summary judgment. When a defendant in a medical malpractice action asserts the statute of limitation as an affirmative defense, the defendant bears the burden of establishing that the action was commenced outside that statutory period. Boggs v. Tri-State Radiology, Inc., 730 N.E.2d 692, 695 (Ind. 2000). Here, the defendants have established that the plaintiffs did not file the action until November 25, 2008, four days after the two-year medical malpractice statute of limitation had run. But this is not the end of the inquiry. Once the defendant has established that the action was filed outside the statute of limitation, the burden shifts to the plaintiff to establish "an issue of fact material to a theory that avoids the defense." *Id.* Here, the designated evidence establishes such a rebuttal to the defense, namely, that there are genuine issues of fact as to the trigger date of the plaintiffs' malpractice claim and thus whether or not it was "reasonably possible for [them] to present the claim in the time remaining after discovery and before the end of the statutory period." Booth v. Wiley, 839 N.E.2d 1168, 1172 (Ind. 2005).

In order for the date to be triggered, our case law requires that a plaintiff be aware of "facts that, in the exercise of reasonable diligence, should lead to the discovery of the malpractice and the resulting injury." *Id.* at 1171 (quoting Van Dusen v. Stotts, 712 N.E.2d 491, 497 (Ind. 1999)); *see also* Herron v. Anigbo, 897 N.E.2d 444, 448–51 (Ind. 2008) (discussing the triggering of an occurrence-based limitation period). The defendants argue on appeal that the running of the statutory limitation period was triggered when Ms. Manley overheard Ms. Zehr's statement at the scene of the accident "that she should not be driving because of her medical

4

condition." Appellants' App'x at 24. This vague statement overheard by Ms. Manley at the scene of the accident could suggest a bevy of possibilities wholly unrelated to and not reasonably suggestive of a doctor's failure to warn about side effects of prescribed medication. While there is no evidence to so suggest, even if Ms. Manley had *suspected* that malpractice was a potential issue at the time the statement was made by Ms. Zehr, we have found in the past that mere suspicion is not enough. Van Dusen, 712 N.E.2d at 499 ("In general . . . a plaintiff's lay suspicion that there may have been malpractice is not sufficient to trigger the two-year period. At the same time, a plaintiff need not know with certainty that malpractice caused his injury, to trigger the running of the statutory time period." (citation omitted)).

The plaintiffs put forth an alternative trigger date, specifically, the date that Ms. Manley received a copy of the letter sent to the Orange County Prosecuting Attorney by Dr. Sherer, identifying himself as Ms. Zehr's primary care physician, which stated, "I feel that [Ms. Zehr's] medical conditions and medications combined to cause this problem." Appellants' App'x at 125. The plaintiffs reasonably contend that it was not until this point that they possessed knowledge of the facts necessary to investigate Ms. Zehr's medical history and discover the alleged malpractice. However, because the letter is undated, it is unknown on what date the letter came to the attention of the plaintiffs. It is thus indiscernible whether the plaintiffs could have pursued their malpractice claim within the two-year statutory limit, or, if not, whether they acted within a reasonable time as required by our caselaw. Booth, 839 N.E.2d at 1172 ("[I]f the discovery date is within two years following the occurrence of the alleged malpractice, . . . the action must be initiated before the period expires, *unless it is not reasonably possible* for the claimant to present the claim in the time remaining after discovery and before the end of the statutory period." (emphasis added)).

We find from the designated evidence that there exists "an issue of fact material to a theory that avoids the defense," Boggs, 730 N.E.2d at 695, which serves to rebut the defendants' affirmative defense. "[F]actual issues relating to the running of the limitations period, such as the date on which the plaintiff first learns of the injury, are to be resolved by the trier of fact at trial." Herron, 897 N.E.2d at 452. Because we must construe the facts favorably to the plaintiffs as the non-moving party, we conclude that Ms. Manley overhearing Ms. Zehr's accident-scene remark

5

is insufficient to conclusively establish the trigger date for the limitation period of the Medical Malpractice Act and that there remains a genuine issue of material fact as to both the trigger date and, if within the two-year limitation period, whether the plaintiffs filed their complaint within a reasonable time. The defendants are not entitled to summary judgment on their statute of limitation defense.

We also find no merit in the defendants' claim that the plaintiffs' filing of their proposed complaint with the Department of Insurance was insufficient to commence this action within the statutory limitation period. Indiana Code Section 34-18-7-3 explicitly declares, to the contrary, that such filing of a proposed complaint "tolls the applicable statute of limitations." Ind. Code § 34-18-7-3(a). And a proposed complaint "is considered filed" when a copy is delivered or mailed to the Commissioner of Insurance. *Id.* § 34-18-7-3(b); *see also* Jordan v. Deery, 609 N.E.2d 1104, 1107 (Ind. 1993) ("[T]he running of a limitation period is suspended for the period of time from the date of filing the proposed complaint until ninety days following receipt of the panel opinion."); Miller v. Terre Haute Reg'l Hosp., 603 N.E.2d 861, 863 (Ind. 1992) ("This Court held [in Guinn v. Light, 558 N.E.2d 821 (Ind. 1990),] that the filing of a proposed complaint against a health care provider with the Department tolls the statute of limitations until the parties are informed that the provider has not qualified under the Act.").

We further find that summary judgment is likewise improper as to the defendants' alternate summary judgment claim asserting lack of causation as a matter of law. The defendants urge that the undisputed facts demonstrate, (a) that the alleged failure of Dr. Sherer to warn Ms. Zehr could not have been the proximate cause of the ensuing collision because Ms. Zehr continued to drive after the collision, thus demonstrating that she would have ignored any warning from Dr. Sherer, and (b) that Ms. Zehr's choice to drive despite knowing that she "should not be driving" constitutes a superseding cause, thus establishing a lack of the necessary element of causation. Both of these contentions rest on uncertain facts and inferences—genuine issues of material fact—that preclude judgment for the defendants as a matter of law. To obtain summary judgment, a moving party must affirmatively dispel all determinative genuine issues of material fact. It is not enough to cite the absence of evidence and claim that the non-moving party is thereby unable to prove an element of its case. Rather, the moving party must demonstrate that

6

the undisputed facts conclusively establish the absence of a required element of the non-moving party's case. The defendants did not meet this burden as to the issue of causation.

Finding genuine issues of material fact (1) as to when the plaintiffs either, (a) knew of the alleged malpractice, or (b) learned of facts that, in the exercise of reasonable diligence, should lead to the discovery of the malpractice and resulting injury; and (2) as to the absence of the element of causation necessary to establish liability, we conclude that the defendants' motion for summary judgment should have been denied. The judgment of the trial court is therefore reversed and this cause remanded for further proceedings.

Rucker, David, Massa, and Rush, JJ., concur.