**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 27 2013, 7:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRENT WELKE**
Welke Law Firm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
ANONYMOUS DOCTOR A:

**TRACY S. PREWITT**
**KATHERINE KERNS VESELY**
O'Bryan, Brown & Toner, PLLC
Louisville, Kentucky

ATTORNEYS FOR APPELLEE
ANONYMOUS HOSPITAL C:

**JANELLE L. MCINTYRE**
**STACY L. HANEFELD**
Hall, Render, Killian, Heath & Lyman, P.C.
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BONNIE SHIPLEY, | ) |
| | ) |
| Appellant-Plaintiff, | ) |
| | ) |
| vs. | )  No.  40A04-1304-PL-184 |
| | ) |
| ANONYMOUS DOCTOR A and | ) |
| ANONYMOUS HOSPITAL C, | ) |
| | ) |
| Appellees-Defendants. | ) |

APPEAL FROM THE JENNINGS CIRCUIT COURT
The Honorable Jon W. Webster, Judge
Cause No. 40C01-1207-PL-35

**December 27, 2013**

**BAILEY, Judge**

## Case Summary

Bonnie Shipley ("Shipley") appeals the grant of summary judgment in favor of Anonymous Doctor A and Anonymous Hospital C upon the trial court's determination that the statute of limitations prescribed by the Indiana Medical Malpractice Act ("the Act")[1] expired before Shipley filed a proposed complaint with the Indiana Department of Insurance ("the IDOI").[2] Shipley presents the sole issue of whether summary judgment was improvidently granted.[3] We affirm.

## Facts and Procedural History

On June 23, 2010, Anonymous Doctor A, who had admitting and surgical privileges at Anonymous Hospital C, performed surgery upon Shipley to implant a spinal cord stimulator. After the surgery, Shipley experienced persistent pain. She placed several calls to the offices of Anonymous Doctor A, spoke with his nurse, and was advised to contact the device

---

[1] Ind. Code § 34-18-1-1 et seq.

[2] The trial court granted summary judgment to defendants Anonymous Hospital C, Anonymous Doctor A, Anonymous Doctor B, C.R. Bard, Inc., Bard, Inc. d/b/a Bard Medical Division, and Medivance, Inc. Shipley challenges only the grant of summary judgment as to Anonymous Hospital C and Anonymous Doctor A.

[3] In an order dated March 21, 2013, the trial court purportedly dismissed Shipley's complaint, without prejudice, pursuant to Indiana Trial Rule 12(B)(6) but then addressed the merits of a pending motion for summary judgment "if it were later to be decided that Plaintiff could re-file its state court civil action." (App. 16.) Shipley concedes that dismissal without prejudice would have been appropriate, and at the conclusion of her Reply Brief specifically requests a remand with instructions for dismissal without prejudice "with leave to refile after the conclusion of the Medical Review Board." Appellant's Reply Brief at 10. Nonetheless, the order on appeal is not substantively an order of dismissal. The order addresses the statute of limitations argument raised by certain defendants and disposes of Shipley's complaint by granting summary judgment in favor of all defendants.

manufacturer.

In late July, Shipley was "hurting real bad" and she detected "something hanging down" and "coming out [her] back." (App. 24.) She knew "it wasn't right" and sought emergency treatment. (App. 24.) Emergency room staff determined that exposed wiring from the implanted device protruded through the skin at Shipley's spine. She was admitted to the hospital and treated for "an infected neurostimulator lead." (App. 27.) Anonymous Doctor A removed the spinal cord stimulator in a surgical procedure performed on August 4, 2010. Shipley then saw Anonymous Doctor A on a monthly basis through December of 2010.

On April 27, 2012, Shipley filed in the Jennings County Superior Court a "Verified Petition for Emergency Deposition." (Appellee's App. 1.) Identifying the parties by their actual names, Shipley named as anticipated adverse parties the medical providers now known as Anonymous Doctors A and B and Anonymous Hospital C, the manufacturers of medical mesh used in a separate 2003 surgery, and the IDOI. Shipley averred that she had a terminal medical diagnosis and wished to preserve her testimony. She was deposed on June 25, 2012.

On July 27, 2012, two years and one month after the implantation surgery, Shipley filed her complaint as well as a "Proposed Complaint" in the Jennings County Circuit Court. (App. 29, 36.) Again identifying the parties by their actual names, Shipley named as defendants those previously designated as adverse parties, including the IDOI. They were to be served notice of the action by certified mail. Shipley did not contemporaneously file a Proposed Complaint with the IDOI. Anonymous Doctor A then moved to dismiss the claim

3

because Shipley had not filed a Proposed Complaint with the IDOI and obtained a medical review panel opinion.[4] He also complained that Shipley had not preserved the anonymity of the medical providers in accordance with the requirements of the Act.[5] Shipley filed her "Corrected Complaint," which was captioned to preserve anonymity of the medical provider defendants. (Appellee's App. 22.) The allegations, except for excluding proper names, were substantively identical to those of the original complaint.

On August 20, 2012, a Proposed Complaint was filed with the IDOI.[6] Therein, Shipley alleged that Anonymous Doctor A had improperly implanted the spinal cord stimulator. She further averred that she had "discovered the malpractice as to the installation of the spinal cord stimulator when she was at the [Anonymous Hospital C] emergency room." Appendix of Anonymous Doctor A at 8. Additionally, she alleged that Anonymous Hospital C was liable for her damages because Anonymous Doctor A acted within the scope of his employment or agency with the hospital.

Anonymous Doctor A and Anonymous Hospital C moved for summary judgment, contending that Shipley's claims were time-barred. On December 11, 2012, the parties stipulated to the dismissal of the IDOI as a defendant. A hearing was conducted on February 26, 2013 to address the pending motions for dismissal and summary judgment. On March

---

[4] Indiana Code section 34-18-8-4 requires that, with limited exceptions, claims against a health care provider for more than $15,000 in damages must first be considered by a duly constituted medical review panel before such action is commenced in an Indiana court.

[5] See I.C. § 34-18-8-7(1).

[6] The Proposed Complaint identified each of the defendants by name, in the caption and in the averments. Otherwise, the allegations substantially mirrored those of the complaint filed in the Jennings County Circuit Court. Shipley filed another Proposed Complaint on September 20, 2012 deleting identifiers.

4

21, 2013, the trial court entered summary judgment in favor of all remaining defendants. Shipley pursued this appeal, challenging the grant of summary judgment to Anonymous Doctor A and Anonymous Hospital C.

## I.  Standard of Review

Summary judgment is appropriate only if the pleadings and designated materials considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Ind. Trial Rule 56(C); Yates v. Johnson Cnty. Bd. of Comm'rs, 888 N.E.2d 842, 846 (Ind. Ct. App. 2008).  Our well-settled standard of review is the same as it was for the trial court.  Landmark Health Care Assocs., L.P. v. Bradbury, 671 N.E.2d 113, 116 (Ind. 1996).

We must construe all evidence in favor of the party opposing summary judgment, and all doubts as to the existence of a material issue must be resolved against the moving party. Yates, 888 N.E.2d at 847.  However, once the movant has carried its initial burden of going forward under Trial Rule 56(C), the nonmovant must come forward with sufficient evidence demonstrating the existence of genuine factual issues, which should be resolved at trial.  Otto v. Park Garden Assocs., 612 N.E.2d 135, 138 (Ind. Ct. App. 1993), trans. denied.  If the nonmovant fails to meet his burden, and the law is with the movant, summary judgment should be granted.  Id.

A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue.  Huntington v. Riggs, 862 N.E.2d 1263,

1266 (Ind. Ct. App. 2007), trans. denied. Questions of law are reviewed de novo and we owe no deference to the trial court's legal conclusions. In re Guardianship of Philips, 926 N.E.2d 1103, 1106 (Ind. Ct. App. 2010).

We may affirm the grant of summary judgment on any basis argued by the parties and supported by the record. Payton v. Hadley, 819 N.E.2d 432, 437 (Ind. Ct. App. 2004). However, neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. Best Homes, Inc. v. Rainwater, 714 N.E.2d 702, 705 (Ind. Ct. App. 1999). Trial Rule 56(H) specifically prohibits this Court from reversing a grant of summary judgment on the ground that there is a genuine issue of material fact, unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. AutoXchange.com, Inc. v. Dreyer & Reinbold, Inc., 816 N.E.2d 40, 45 (Ind. Ct. App. 2004).

## II.  Analysis

The controversy between the parties distills to whether Shipley's action was timely commenced in accordance with the Act, which requires claims to be filed within two years of the allegedly negligent act or omission. I.C. § 34-18-7-1(b). Anonymous Doctor A and Anonymous Hospital C point out that Shipley's surgeries preceded her filing of the proposed complaint with the IDOI by more than two years.[7] Shipley responds that she attempted

---

[7] The filing of a proposed medical malpractice complaint with the IDOI tolls the applicable statute of limitations to and including a period of 90 days following the receipt of the opinion of the medical review panel by the claimant. I.C. § 34-18-7-3(a). A proposed complaint is considered filed when a copy is delivered or mailed to the Indiana Commissioner of Insurance. Manley v. Sherer, 992 N.E.2d 670, 675 (Ind. 2013) (citing I.C. § 34-18-7-3(b)). When a proposed complaint is filed with the IDOI, a parallel complaint may be filed in state court, as the Act provides for dual filings. See I.C. § 34-18-8-7. However, the claimant is

6

substantial compliance with the Act and she was delayed in her discovery of the protruding wires by advice from Anonymous Doctor A's staff to contact the device manufacturers.

In certain circumstances, the Act's occurrence-based statute of limitations for medical malpractice claims cannot constitutionally and justly be applied:

> If Section 12 [of the Indiana Constitution] has any meaning at all, it must preclude the application of a two-year medical malpractice statute of limitations when a plaintiff has no meaningful opportunity to file an otherwise valid tort claim within the specified statutory time period because, given the nature of the asserted malpractice and the resulting injury or medical condition, plaintiff is unable to discover that she has a cause of action. Stated another way, the medical malpractice statute of limitations is unconstitutional as applied when plaintiff did not know or, in the exercise of reasonable diligence, could not have discovered that she had sustained an injury as a result of malpractice, because in such a case the statute of limitations would impose an impossible condition of plaintiff's access to courts and ability to pursue an otherwise valid tort claim. To hold otherwise would be to require a plaintiff to bring a claim for medical malpractice before becoming aware of her injury and damages, an essential element of any negligence claim[.]

Martin v. Richey, 711 N.E.2d 1273, 1284 (Ind. 1999). Accordingly, the Act does not require a plaintiff to file her claim before such claim exists. See id. However, if discovery is made within the two-year period after the occurrence of malpractice, a suit must be filed within the limitations period, unless it is not reasonably possible to do so. Houser v. Kaufman, 972 N.E.2d 927, 934 (Ind. Ct. App. 2012) (citing Booth v. Wiley, 839 N.E.2d 1168, 1172 (Ind. 2005)), trans. denied. The "discovery date" is the date when the claimant discovered the alleged malpractice and resulting injury, or possessed enough information that would have led a reasonably diligent person to make such discovery. Id.

---

prohibited from pursuing the action and the court is prohibited from taking any action except setting a date for trial, and other limited actions, until the opinion of the medical review panel has been rendered. Id.

"When a defendant in a medical malpractice action asserts the statute of limitation as an affirmative defense, the defendant bears the burden of establishing that the action was commenced outside that statutory period. Manley, 992 N.E.2d at 674 (citing Boggs v. Tri-State Radiology, Inc., 730 N.E.2d 692, 695 (Ind. 2000)). In summary judgment proceedings, once a defendant has established that an action was filed outside the limitation period, the burden then shifts to the plaintiff to establish an issue of fact material to a theory that avoids the defense. Id.

In order for the date to be triggered, a plaintiff must be aware of "facts that, in the exercise of reasonable diligence, should lead to the discovery of the malpractice and the resulting injury." Id. (quoting Van Dusen v. Stotts, 712 N.E.2d 491, 497 (Ind. 1999)). A plaintiff's lay suspicion that there may have been malpractice is not sufficient to trigger the two-year period; however, a plaintiff need not know with certainty that malpractice caused his or her injury to trigger the running of the statutory time period. Id. at 674-75.

It is often a question of fact as to when a plaintiff discovered or should have discovered the medical malpractice and resulting injury and thus triggered the statute of limitations. Houser, 972 N.E.2d at 934. However, the question may become one of law if there is undisputed evidence that a doctor has expressly informed a plaintiff that she has a specific injury and that there is a reasonable possibility, if not a probability, that the specific injury was caused by a specific act at a specific time. Id. "The date is also set as a matter of law when there is undisputed evidence that leads to the legal conclusion that the plaintiff should have learned of the alleged malpractice and there is no obstacle to initiating

8

litigation." Herron v. Anigbo, 897 N.E.2d 444, 450 (Ind. 2008).

Here, the following facts are undisputed. On June 23, 2010, at the premises of Anonymous Hospital C, Anonymous Doctor A performed surgery upon Shipley to implant a medical device. She suffered persistent pain thereafter and placed multiple calls to the offices of Anonymous Doctor A. Shipley's medical records indicate that she was hospitalized on July 30, 2010 with an infection and exposed neurostimulator wires. The spinal cord stimulator was surgically removed on August 4, 2010. It had been implanted for 42 days. Shipley filed a Proposed Complaint with the IDOI more than two years later. Anonymous Doctor A and Anonymous Hospital C established, prima facie, that Shipley's claim was time-barred.

It was then incumbent upon Shipley to identify a genuine issue of material fact precluding summary judgment. However, the designated materials do not satisfy this burden of production. By her own deposition admission, Shipley knew something was abnormal even prior to her emergency hospitalization. Her spinal area was red and inflamed, and she could feel rough bumps. The emergency room discovery of the protruding wires took place in late July of 2010 and the device was removed on August 4, 2010. Although these events were shortly after the implantation surgery and well within the limitations period, Shipley did not file a Proposed Complaint within two years of the implantation surgery, the alleged act of malpractice. The designated evidence reveals no "issue of fact material to a theory that avoids the defense." Boggs, 730 N.E.2d at 695.

In an effort to avoid the two-year statute of limitations, Shipley claims that the

9

doctrine of continuing wrong prevents her claim from being time-barred. "The doctrine of continuing wrong applies where an entire course of conduct combines to produce an injury." Gradus-Pizlo v. Acton, 964 N.E.2d 865, 871 (Ind. Ct. App. 2012). When the doctrine is applicable, the limitations period begins to run at the end of the continuing wrongful act. Id.

Shipley argues that it is applicable to Anonymous Doctor A because his staff directed her toward the device manufacturer as a source of her injury.[8] Reviewing the designated evidence in the light most favorable to Shipley, we take as true the contention that Shipley was advised to contact the medical device manufacturer directly. However, Shipley alleged that her injury was produced by the implantation surgery. Moreover, the telephone conversations pre-dated the emergency room admission and so could not have delayed discovery beyond Shipley's emergency room admission. By that point in time, Shipley had felt a protrusion, concluded something was not right, and sought emergency treatment despite any misdirection from office staff. Shipley was examined and provided with a specific diagnosis; the protrusion was exposed wiring and she had developed an infection. Shipley knew, or had reason to know, by the date of her emergency room admission – well within the two-year limitations period – that that she had suffered an injury that could be attributed to malpractice. The doctrine of continuing wrong does not extend the limitations period here.

Finally, there is no designated evidence indicating that there was an obstacle to the initiation of litigation within the statutory period of limitations. It is noteworthy that Shipley filed a motion regarding the preservation of her testimony by deposition, in anticipation of

---

[8] The conversations between Shipley and the office staff of Anonymous Doctor A involved no conduct by Anonymous Hospital C.

10

litigation, but did not at that time file a Proposed Complaint with the IDOI.

Anonymous Doctor A and Anonymous Hospital C demonstrated their entitlement to judgment as a matter of law and the absence of a genuine issue of material fact. As such, summary judgment was properly granted to them.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.