## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 20 2015, 10:25 am

*Kevin S. Smith*

**CLERK**

of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Johnny W. Ulmer
Cataldo Law Offices, Inc.
Bristol, Indiana

ATTORNEY FOR APPELLEE

W. Russell Sanford
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mario L. Sims, Sr., and Tiffiny Sims,

*Appellants-Cross-Claimants,*

v.

John Tiffany,

*Appellee-Defendant.*

March 20, 2015

Court of Appeals Case No. 71A05-1406-MF-283

Appeal from the
St. Joseph Superior Court

The Honorable Margot F. Reagan, Judge

Cause No. 71D04-1001-MF-164

**Kirsch, Judge.**

[1] Mario Sims, Sr., and Tiffiny Sims ("the Simses") appeal the trial court's denial of their motion for summary judgment and grant of John Tiffany's ("Tiffany") motion for summary judgment. On appeal, the Simses raise several issues, of which we find the following dispositive: whether John Tiffany's debt arising from the Simes's land contract was discharged in bankruptcy.

We affirm.

## Facts and Procedural History

In 2008, the Simses entered into a land-sale contract with Tiffany, setting forth that the Simses would make monthly payments to Tiffany, who would in turn make mortgage payments to the bank that held the mortgage on the land ("the Bank"). The contract provided that the Simses could make mortgage payments directly to the Bank in lieu of the monthly payments under the contract if Tiffany was at any point unable to make the payments. In 2009, the Bank filed a foreclosure proceeding against both Tiffany and the Simses. At that point, the Simses had paid $26,000 in the form of a $12,000 down payment and ten monthly payments of $1,400 each.

The Simses attempted to assume the mortgage from Tiffany, but were unable to reach an agreement with the Bank. Subsequently, the Simses filed a cross-claim against Tiffany in the Bank's foreclosure proceeding against Tiffany alleging, *inter alia*, that he had committed fraud by representing that he would make payments to the Bank on the Simses' behalf and, thereafter, failing to do so.

Tiffany filed a petition in bankruptcy and was granted a discharge pursuant to Chapter 7 of the United States Bankruptcy Code[1]. Following the discharge, the Simses filed an adversary proceeding in bankruptcy court, alleging that the

---

[1] 11 U.S.C. § 727(b)

amount for which they were suing Tiffany was a non-dischargeable debt under 11 U.S.C. § 523 ("Section 523") because it was acquired via fraud. Tiffany and the Simses reached an agreement to settle the adversary proceeding under which Tiffany would issue the Simses a quitclaim deed to the property in exchange for the Simses stipulating to drop the adversary proceeding with prejudice. The agreement was executed and the proceeding was dismissed with prejudice on March 13, 2012.

[6] After the adversary proceeding was dismissed, Tiffany and the Simses filed cross motions for summary judgment. The trial court granted Tiffany's motion for summary judgment and denied the Simses' motion, citing Tiffany's discharge in bankruptcy. The trial court reasoned that absent any specific exemptions, Tiffany's discharge in bankruptcy included the debt claimed by the Simses. The Simses now appeal.

## Discussion and Decision

[7] Summary judgment is only proper where there is no genuine issue of material fact, and our standard of review is the same as it is for the trial court. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013).

[8] Tiffany's discharge under Chapter 7 did not include any exceptions for any debts owed to the Simses. The Simses contend that Tiffany's alleged debt is non-dischargeable as a matter of law and is excluded from Tiffany's discharge. The Simses' claim is without merit.

Section 523 of the Bankruptcy Act states that a discharge under Chapter 7 does not discharge an individual debtor from any debt to the extent that debt was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

Section 523 goes on to state that "the debtor shall be discharged from a debt of a kind specified in paragraph (2) . . . of subsection (a) . . . unless . . . the court determines such debt to be excepted from discharge."  11 U.S.C. § 523(c)(1). Contrary to the Simses' claim that Tiffany's debt was non-dischargeable as a matter of law, the Bankruptcy Act specifically requires that such debts are discharged unless the Bankruptcy Court determines that it is non-dischargeable. Here, although the Simses commenced an adversary proceeding to determine the issue, but they agreed to dismiss it in exchange for a quitclaim deed to the property.  As a result, there was no non-dischargeability determination by the bankruptcy court and the debt was discharged.

Because the debt owed by Tiffany to the Simses was discharged, summary judgment in favor of Tiffany was properly entered.

Affirmed.


Friedlander, J., and Crone, J., concur.