

FILED

Mar 01 2019, 8:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Dale W. Eikenberry
Elizabeth S. Schmitt
Wooden McLaughlin LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Cary J. Solida
State Farm Litigation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Indiana Farmers Mutual
Insurance Company,

*Appellant-Plaintiff,*

v.

John Weaver, Sunday Vanzile,
Bryan Vanzile, and State Farm
Mutual Automobile Insurance
Company,

*Appellees-Defendants.*

March 1, 2019

Court of Appeals Case No.
18A-CT-2043

Appeal from the Tippecanoe
Superior Court

The Honorable Randy J. Williams,
Judge

Trial Court Cause No.
79D01-1708-CT-127

**Bradford, Judge.**

# Case Summary

[1] In August of 2015, John Weaver was driving a vehicle which he owned and which was insured by Indiana Farmers Mutual Insurance Company ("Indiana Farmers") when he lost control and drove it into the home of Bryan and Sunday Vanzile ("the Vanziles"). Indiana Farmers sought a declaratory judgment that it had no duty to provide coverage to Weaver, who was driving with a suspended driver's license, pursuant to the terms of the insurance contract (" the Policy"), specifically under the exclusions provision ("Entitlement Exclusion"). In 2018, State Farm Mutual Automobile Insurance Company ("State Farm"), joined by the Vanziles (collectively "Appellees"), moved for summary judgment, and Indiana Farmers moved for summary judgment as well. The trial court entered summary judgment in favor of the Appellees and denied Indiana Farmers's motion. Indiana Farmers contends that the trial court erred in denying its cross-motion for summary judgment because the Entitlement Exclusion excluded Weaver from coverage while driving with a suspended driver's license. Because we disagree, we affirm.

# Facts and Procedural History

[2] On August 29, 2015, Weaver lost control of his vehicle and drove into the residence of the Vanziles, causing bodily injury and property damage. Weaver's driver's license was suspended at the time. Weaver's vehicle had been insured since March 11, 2015, by Indiana Farmers under the Policy, which provided, in relevant part:

Part A – Liability Coverage

Insuring Agreement
A. We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident[…]We will settle or defend, as we consider appropriate, any claim or suit asking for these damages[…]We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.
B. "Insured" as used in this Part means:
    1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer".
    2. Any person using "your covered auto".

[….]

Exclusions
A. We do not provide Liability Coverage for any "insured":
    [….]
    8. Using a vehicle without a reasonable belief that that "insured" is entitled to do so. This Exclusion […] does not apply to a "family member" using "your covered auto" which is owned by you.

Appellant's App. Vol. II p. 103–04.

[3] On June 21, 2017, the Vanziles sued Weaver for the recovery of damages. On August 3, 2017, Indiana Farmers filed for declaratory judgment seeking a determination that the Policy did not provide Weaver with coverage on the day of the accident because he was excluded under the Entitlement Exclusion due to his suspended driver's license. State Farm moved to intervene, a motion which was granted by the trial court, and both State Farm and the Vanziles filed

answers denying Indiana Farmers' allegation of no coverage. On January 22, 2018, State Farm moved for summary judgment, a motion which was joined by the Vanziles. On February 20, 2018, Indiana Farmers cross-moved for summary judgment. The trial court held a hearing on the summary judgment motions and ordered summary judgment in favor of State Farm and the Vanziles on July 26, 2018.[1]

# Discussion and Decision

[4]     Indiana Farmers contends that the trial court erred by granting summary judgment in favor of the Appellees and denying its cross-motion for summary judgment. Specifically, Indiana Farmers contends that without a valid driver's license, Weaver was using his vehicle without a reasonable belief that he was entitled to do so, which resulted in him being excluded from coverage pursuant to the Entitlement Exclusion of the Policy. We review an order granting summary judgment *de novo*, applying the same standard as the trial court. *Miller v. Rosehill Hotels, LLC*, 45 N.E.3d 15, 18 (Ind. Ct. App. 2015). Summary judgment is appropriate where the designated evidence demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The moving party bears the initial burden of making a *prima facie* case that there is no genuine issue of material

---

[1] Although Weaver did not appear or join the summary judgment motion, the trial court included Weaver in the order, granting summary judgment in favor of him as well.

fact and that it is entitled to judgment as a matter of law. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013) (internal quotations omitted). If the moving party fails to make a *prima facie* case, summary judgment is improper; however, if it succeeds, then the nonmoving party must present evidence establishing a genuine issue of material fact. *Miller*, 45 N.E.3d at 18–19. Our review is limited to the designated evidence that was before the trial court but is neither constrained by the claims and arguments made to the trial court nor the rationale of the trial court's ruling. *Manley*, 992 N.E.2d at 673. The interpretation of an insurance policy presents a question of law which is appropriate for summary judgment. *Am. Family Ins. Co. v. Globe Am. Cas. Co.*, 774 N.E.2d 932, 935 (Ind. Ct. App. 2002), *trans. denied.*

[5] While there is case law that has addressed entitlement exclusions in relation to a driver given permissive use of a vehicle from the policy holder, we have not yet had the opportunity to address entitlement exclusions in relation to the policy holder's own use of a vehicle. We direct our focus to the basic principles of contract law to address this issue.

> An insurance policy is a contract, and in reviewing the policy, we construe it as we would any other contract—to give effect to the parties' intentions at the time the contract was made. The freedom to contract is a bedrock principle of Indiana law, and the freedom of the parties to exclude risks from an insurance contract is well established[.] Generally, insurers are free to limit liability in any manner not inconsistent with public policy, and an unambiguous exclusionary clause is ordinarily entitled to enforcement.

*Founders Ins. Co. v. May*, 44 N.E.3d 56, 61–62 (Ind. Ct. App. 2015) (internal quotations and citations omitted, brackets added), *trans. denied.* When the language of an insurance policy is clear and unambiguous, we give the words their plain and ordinary meaning. *Buckeye State Mut. Ins. Co. v. Carfield*, 914 N.E.2d 315, 318 (Ind. Ct. App. 2009), *trans. denied.* Where an ambiguity exists, however, we construe a policy provision strictly against the insurer. *Bradshaw v. Chandler,* 916 N.E.2d 163, 166 (Ind. 2009). A provision is ambiguous if it is susceptible to more than one interpretation and reasonable persons would differ as to its meaning. *Buckeye State,* 914 N.E.2d at 218. "Strict construction against the insurer derives from the disparity in bargaining power characteristics of parties to insurance contracts." *Bradshaw*, 916 N.E.2d at 166. We interpret policy terms from the perspective of the ordinary policyholder of average intelligence. *Burkett v. Am. Family Ins. Group*, 737 N.E.2d 447, 452 (Ind. Ct. App. 2000).

[6] Turning to the Policy, we conclude that the term "using" is ambiguous because its meaning is susceptible to differing interpretations by reasonable persons. Indiana Farmers contends that "using" should be interpreted as synonymous with "operating"; however, we conclude that the terms are not synonymous. While "operating" is one way of "using" a vehicle, it is not the only way. A person could use a vehicle for storage, to salvage spare parts from, or to display at a classic car show, none of which would require the person to operate the vehicle. Indiana Farmers could have drafted the Policy in a way that clearly defined "using" or included "operating", just as insurance companies and the

General Assembly have done. *See Founders Ins. Co. v. Munoz,* 930 N.E.2d 999, 1002 (Ill. 2010) (finding that the insurance policy excluded any person "*operating* an automobile without a reasonable belief that he or she is entitled to do so") (emphasis added); *see also* Ind. Code § 27-1-13-7(b)(3) (statutorily mandating that insurance companies "insur[e] the owner against liability for damages…resulting from negligence in the operation of the motor vehicle…by any person legally *using or operating* the motor vehicle with permission, expressed or implied of the owner) (emphasis added). Moreover, reasonable minds may differ as to whether "using" one's own vehicle under this exclusion is dictated upon one's driver's license status. Indiana Farmers could have drafted a provision that specifically excluded drivers from coverage who used the vehicle without a valid driver's license. *See Founders Ins. Co.,* 44 N.E.3d at 58 (noting that a policy provision specifically excluded a driver from coverage if he is "not a licensed driver, or is without a valid driver's license, [or his] driver's license is revoked or suspended"). Indiana Farmers's failure to add further clarification leaves the term "using" ambiguous, and we must construe such ambiguities against the insurer. Therefore, Weaver had a reasonable belief that he was entitled to use his vehicle pursuant to the language of the Policy.

[7] The judgment of the trial court is affirmed.

Bailey, J., concurs.

Brown, J., concurs with opinion.

| Indiana Farmers Mutual Insurance Company, | Court of Appeals Case No. 18A-CT-2043 |
|---|---|
| *Appellant-Plaintiff,* | |
| v. | |
| John Weaver, Sunday Vanzile, Bryan Vanzile, and State Farm Mutual Automobile Insurance Company, | |
| *Appellees-Defendants.* | |

**Brown, Judge, concurring.**

I concur with the majority opinion that the term "using" is not synonymous with "operating" and would note that had Indiana Farmers wanted to dispel any uncertainty regarding the impact of an individual's driver's license status on coverage, it could have referred in certain provisions to "legally" using a vehicle; that is, Indiana Farmers could have drafted the Policy in a way that clearly defined and used "legally using." Further, in light of the fact that the Policy leaves "entitled" undefined and uses elsewhere the phrase "legally entitled," *see, e.g.*, Appellant's Appendix Volume II at 106 ("We will pay compensatory damages which an 'insured' is legally entitled to recover . . . ."), I find that reasonable persons could interpret subsection A(8) to refer to permission. For these reasons I concur with the majority opinion.