**BUCKEYE AG–CENTER, INC.,**
**Appellant (Plaintiff Below),**

v.

George **BABCHUK,** William **Babchuk, and Helen Babchuk d/b/a B & H Poultry Ranch, Appellees (Defendants Below).**

No. 50A03–8804–CV–106.

Court of Appeals of Indiana,
Third District.

Jan. 30, 1989.

Transfer Denied March 22, 1989.

Lynn C. Tyler, Barnes & Thornburg, South Bend, for appellant.

Fred R. Jones, Jones, Huff & Palmer, Plymouth, for appellees.

HOFFMAN, Judge.

Appellant Buckeye Ag–Center appeals an entry of summary judgment in favor of appellee B & H Poultry Ranch. The facts indicate that on December 9, 1985, B & H Poultry entered into a sales contract with Central Soya. B & H Poultry agreed to buy 30,000 bushels of # 2 yellow corn between October 15, 1986 and November 15, 1986 at $2.29 per bushel from Central Soya's Winamac facility.

On August 15, 1986 Buckeye Ag–Center acquired Central Soya's Winamac facility. Central Soya delegated the contractual duties of the facility to Buckeye Ag–Center. B & H Poultry refused to honor the sales contract because delegation of the seller's contractual duty was made without B & H Poultry's consent. Buckeye Ag–Center brought suit for damages caused by the repudiation of the sales contract. The trial court granted summary judgment in favor of B & H Poultry. The trial court ruled that B & H Poultry had a substantial interest in not being required to do business with Buckeye Ag–Center.

Buckeye Ag–Center argues that the trial court misapplied IND.CODE § 26–1–2–210(1) (1982 Ed.) which states:

"A party may perform his duty through a delegate unless otherwise agreed or unless the other party has a substantial interest in having his original promisor perform or control the acts required by the contract. No delegation of performance relieves the party delegating of any duty to perform or any liability for breach."

The general rule is that absent a provision to the contrary a party may delegate its duties under a contract. An exception is made if the duty is of a personal nature and performance by an assignee would vary materially from performance by the obligor. *Boswell v. Lyon* (1980), Ind.App., 401 N.E.2d 735, 743. The test is whether performance by the original obligor has been bargained for and is of the essence of the contract. If the contract is premised on a personal relationship, unique skill or discretion, the duty is not delegable. J. CALAMARI and J. PERILLO, THE LAW OF CONTRACTS § 18–28 (3rd Ed. 1987).

In the present case, the parties bargained for the sale of # 2 yellow corn. The seller's contractual duty did not involve a personal relationship, unique skill or discretion. The seller's contractual duty to supply a quantity of # 2 yellow corn was delegable without the consent of the buyer. The trial court erred in granting summary judgment in favor of B & H Poultry.

REVERSED.

STATON and BUCHANAN, JJ., concur.