**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**GLENN L. DUNCAN**
**LISA GILKEY SCHOETZOW**
Thorne Grodnik, LLP
Elkhart, Indiana

ATTORNEY FOR APPELLEE:

**KEVIN E. STEELE**
Burke Costanza & Carberry LLP
Valparaiso, Indiana

FILED
Apr 01 2014, 8:43 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SCRIPTFLEET, INC., a Florida Corporation f/k/a Network Express, Inc., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  64A05-1308-PL-393 |
| | ) | |
| IN TOUCH PHARMACEUTICALS, INC., an Indiana Corporation as successor in interest to MHP Pharmacy, LLC, an Indiana Limited Liability Company d/b/a Freedom Pharmacy, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1103-PL-2706

**April 1, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

<u>Case Summary and Issue</u>

Scriptfleet, Inc. ("Scriptfleet") appeals the trial court's entry of summary judgment in favor of In Touch Pharmaceuticals, Inc. ("In Touch"), which concluded that In Touch was not contractually obligated to Scriptfleet. Scriptfleet raises one issue on appeal: whether the trial court erred when it determined no contractual obligation could exist between Scriptfleet and In Touch because In Touch was not a party to the original contract. Concluding the trial court's entry of summary judgment was erroneous as a matter of law, we reverse and remand for further proceedings.[1]

<u>Facts and Procedural History</u>

In May 2006, MHP Pharmacy, LLC d/b/a Freedom Pharmacy ("MHP") entered into an exclusivity agreement with Scriptfleet whereby the two agreed that Scriptfleet would be MHP's exclusive courier for all delivery locations within a 250 mile radius of Indianapolis (the "MHP/Scriptfleet Agreement"). The MHP/Scriptfleet Agreement had an initial term of three years, commencing April 10, 2006 and expiring April 9, 2009, with automatic renewals for one year increments after the initial term. It also provided that it "shall [be] binding upon and inures to the benefit of any and all successors, trustees, assigns, agents and other successors-in-interest of the parties to this Agreement." Appellant's Appendix at 12.

---

[1] Scriptfleet attempted to raise a second issue: whether In Touch breached any contractual obligation to Scriptfleet. However, that issue was not decided by the trial court on summary judgment, and Scriptfleet did not file a cross-motion for summary judgment. Further, because we remand for the trial court to make a determination as to whether In Touch owed a contractual obligation, consideration of Scriptfleet's proposed second issue would be premature.

On June 2, 2010, In Touch purchased the membership units of MHP, but MHP continued to exist as a separate legal entity.[2] As part of its purchase of MHP, In Touch agreed to undertake the liabilities and obligations of MHP that existed under the MHP/Scriptfleet Agreement.[3] On July 23, 2010, contracts between MHP and the facilities it serviced began to be transferred from MHP to In Touch. By October 26, 2010, over thirty of those contracts were transferred to In Touch, and MHP's remaining contracts with other facilities were canceled.[4] Rather than using Scriptfleet as courier for the contracts formerly owned by MHP, In Touch used its own drivers to deliver to facilities that were within the territory covered under the MHP/Scriptfleet Agreement.

On March 28, 2011, Scriptfleet filed its complaint alleging breach of contract by In Touch. In Touch filed its answer on May 12, 2011. In Touch filed its motion for summary judgment on March 6, 2013, and Scriptfleet filed its response on April 8, 2013. The trial court granted In Touch's motion for summary judgment on July 11, 2013, concluding In Touch was not bound by the MHP/Scriptfleet Agreement. Specifically, the trial court reasoned that In Touch could not be bound by the MHP/Scriptfleet Agreement because it was not a party to the original contract.

---

[2] The record does not contain a copy of the membership purchase agreement between MHP and In Touch, and it is not entirely clear whether In Touch purchased all—or a controlling share—of MHP's membership units.

[3] In Touch admitted in an interrogatory to assuming the liabilities and obligations of MHP under the MHP/Scriptfleet Agreement, but the specifics of In Touch's agreement to do so are unknown.

[4] The facts regarding the transfer of contracts between MHP and In Touch are unknown (e.g. whether consideration was given). Scriptfleet alleges the service contracts transferred were MHP's "only assets." Reply Brief of Appellant at 3. Thus, it is also unclear to what extent MHP currently exists—other than on paper. Finally, we note Scriptfleet seems to argue both that In Touch is directly liable and liable under a theory

## Discussion and Decision

### I. Standard of Review

When reviewing a trial court's entry of summary judgment, we apply the same standard as the trial court. Manley v. Sherer, 992 N.E.2d 670, 673 (Ind. 2013). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Whether a contract exists is a question of law. Conwell v. Gray Loon Outdoor Mktg. Grp., Inc., 906 N.E.2d 805, 813 (Ind. 2009).

### II. Contractual Obligation

The trial court entered summary judgment in favor of In Touch after concluding In Touch owed no contractual obligation to Scriptfleet. The trial court recognized the MHP/Scriptfleet Agreement provided that it "shall [be] binding upon and inures to the benefit of any and all successors, trustees, assigns, agents and other successors-in-interest of the parties to this Agreement." Appellant's App. at 12. However, the trial court stated that section "violates basic contractual requirements." Id. at 114. It went on to say: "At no point was In Touch included in the offer, acceptance, consideration, or meeting of the minds of the contractual agreement between Scriptfleet and MHP, and as such, cannot be bound by it despite any contract term to the contrary." Id. at 115.

As a matter of law, the trial court is incorrect. True, "[t]he basic requirements for a contract are offer, acceptance, consideration, and a meeting of the minds of the contracting

---

of piercing the corporate veil between a subsidiary and parent company; however, MHP was not named as a defendant, and Scriptfleet's complaint does not propose a theory of liability via veil piercing.

parties." Conwell, 906 N.E.2d at 812-13. This is not to say, however, that parties uninvolved in a contract's initial formation may not be bound by a valid contract under certain circumstances. For example, the doctrines of assignment and delegation allow for a party to benefit from or be bound by a contract despite the party's lack of involvement in the original contract's formation. Kuntz v. EVI, LLC, 999 N.E.2d 425, 429 n.5 (Ind. Ct. App. 2013) ("Indiana common law allows for the assignment of contractual rights absent an expression of contrary intent by the parties."); Buckeye Ag-Center, Inc. v. Babchuk, 533 N.E.2d 179, 180 (Ind. Ct. App. 1989) ("The general rule is that absent a provision to the contrary a party may delegate its duties under a contract."), trans. denied. Mergers and share exchanges result in the adoption of liabilities and contractual obligations. Rodriguez v. Tech Credit Union Corp., 824 N.E.2d 442, 447 (Ind. Ct. App. 2005) ("[F]ollowing a merger, the surviving corporation succeeds to all the rights, powers, liabilities and obligations of the merging corporation."). And under certain circumstances, the purchase of assets from one corporation by another may result in the assumption of debts and liabilities of the seller. Winkler v. V.G. Reed & Sons, Inc., 638 N.E.2d 1228, 1233 (Ind. 1994).

Given the facts of this case are not particularly clear with regard to In Touch's purchase of MHP, the transfer of assets from MHP to In Touch, and In Touch's agreement to undertake MHP's obligations under the MHP/Scriptfleet Agreement, we believe remand to the trial court is most appropriate at this stage. We therefore leave it to the trial court to hash out the facts and determine what, if any, contractual obligation In Touch owed to Scriptfleet.

<u>Conclusion</u>

Concluding the trial court's entry of summary judgment was based upon an incorrect application of contract law, we reverse and remand.

Reversed and remanded.

BARNES, J., and BROWN, J., concur.