William R. DIXON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 75A01–0407–CR–300.

Court of Appeals of Indiana.

April 28, 2005.

Transfer Denied July 13, 2005.

David A. Brooks, Valparaiso, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant William Dixon appeals the sentence he received for his conviction of two counts of kidnapping, Class A felonies, Ind.Code § 35–42–3–2; robbery, a Class B felony, Ind.Code § 35–42–5–1; and resisting law enforcement, a Class D felony, Ind.Code § 35–44–3–3.

We affirm.

Dixon presents two issues for our review, which we restate as:

I. Whether Dixon's sentence was appropriate under Ind. Appellate Rule 7(B).

II. Whether the trial court erred by imposing Dixon's sentence consecutive to his sentence in another county.

Dixon robbed a grocery store in one Indiana county and then fled to an adjacent county where he entered the victims'

home to hide from the police. He then ordered the victim/mother to drive her car while Dixon, armed with a gun, rode in the trunk with the victim/son. Once the car was safely through the police roadblock, the victim/mother stopped the vehicle, and Dixon and the victim/son emerged from the trunk. Dixon left in the vehicle, and the victims walked until they found help. Dixon was eventually captured and pleaded guilty to two counts of kidnapping, one count of robbery, and one count of resisting law enforcement. The trial court sentenced him to thirty years and thirty-four years on the two counts of kidnapping, ten years on the robbery, and two and one-half years on the resisting law enforcement, all served consecutively, for an aggregate sentence of seventy-six and one-half years. This appeal followed.

Dixon first contends that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Specifically, Dixon argues that because no injuries resulted to his victims, his offenses did not merit the length of sentence that was imposed upon him by the trial court.

■ Under Article VII, Section 6 of the Indiana Constitution, we have the constitutional authority to review and revise sentences. However, we will not do so unless the sentence imposed is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). Our review under Appellate Rule 7(B) is extremely deferential to the trial court. *Martin v. State*, 784 N.E.2d 997, 1013 (Ind.Ct.App.2003), *reh'g denied.* The "nature of the offense" refers to the statutory presumptive sentence for the class of crimes to which the offense belongs. *Id.* Thus, the presumptive sentence is the starting point in our consideration of the appropriate sentence for the crime committed. *Id.*

■ In the present case, Dixon was convicted of two Class A felonies, a Class B felony, and a Class D felony. The presumptive sentence for a Class A felony is thirty years with the minimum sentence being twenty years and the maximum sentence being fifty years. *See* Ind.Code § 35–50–2–4. With respect to one of the kidnapping counts, Dixon was sentenced to the presumptive thirty years. For the second count, the trial court enhanced the presumptive sentence by a mere four years. Dixon also pleaded guilty to robbery as a Class B felony which has a presumptive term of ten years with a minimum sentence of six years and a maximum of twenty years. *See* Ind.Code § 35–50–2–5. Here, Dixon was sentenced to the presumptive sentence for the offense of robbery. Additionally, he was convicted of the offense of resisting law enforcement as a Class D felony. The presumptive sentence for a Class D felony is one and one-half years, with the maximum sentence being three years and the minimum sentence being six months. *See* Ind.Code § 35–50–2–7. For this offense, the trial court sentenced Dixon to an enhanced term of two and one-half years. In summary, Dixon received two presumptive sentences and two minimally enhanced sentences for his four offenses. Considering the nature of these offenses, we find Dixon's sentence to be appropriate.

■ The "character of the offender" refers to the general sentencing considerations under Ind.Code § 35–38–1–7.1(a), the balancing of the aggravating and mitigating factors under Ind.Code § 35–38–1–7.1(b) and (c), and the other factors left to the trial court's discretion under Ind.Code § 35–38–1–7.1(d). *Id.* Pursuant to Ind. Code § 35–38–1–7.1(a), the trial court must consider, among other things, the nature and circumstances of the crime committed, whether the victim was less

than twelve years of age, the defendant's criminal history and character, and the risk that the defendant will commit another crime. Here, the nature and circumstances of the crime are that Dixon entered a home and kidnapped a mother and her son, who was less than twelve years of age. Armed with a gun, he ordered the young boy into the trunk of the car and directed the boy's mother to get him through the police roadblock undetected. He then left them on the side of a road and stole their car. Testimony at Dixon's sentencing hearing revealed the emotional trauma these events caused for the young boy and his mother. As reflected by the presentence report and cited by the trial court, Dixon had a lengthy criminal history, including several felony convictions, and an active warrant from the state of Michigan. Additionally, the risk that Dixon will commit another crime is high in that he was given several opportunities at rehabilitation before committing the instant crime, and his criminal history began when he was a teenager and has continued steadily throughout his adult years. Thus, based upon the character of the offender, Dixon's sentence is appropriate.

■ Furthermore, the imposition of consecutive sentences totaling seventy-six and one-half years is not excessive. Sentencing decisions rest within the discretion of the trial court, and the court may increase a sentence or impose consecutive sentences if it finds aggravating factors. *Anderson v. State,* 798 N.E.2d 875, 879 (Ind.Ct.App.2003). One valid aggravator alone is enough to enhance a sentence or to impose it consecutive to another. *Id.* Moreover, the same factor may be used both to enhance a presumptive sentence and to justify consecutive sentences. *Id.*

The imposition of concurrent and consecutive sentences is governed by Ind. Code § 35–50–1–2.[1] Sub-section (c) gives the trial court discretion to determine whether to impose concurrent or consecutive sentences and allows the court to consider aggravating and mitigating circumstances in doing so. As we stated

---

1. Ind.Code § 35–50–1–2 provides, in pertinent part:

(a) As used in this section, "crime of violence" means:
(1) murder (IC 35–42–1–1);
(2) attempted murder (IC 35–41–5–1);
(3) voluntary manslaughter (IC 35–42–1–3);
(4) involuntary manslaughter (IC 35–42–1–4);
(5) reckless homicide (IC 35–42–1–5);
(6) aggravated battery (IC 35–42–2–1.5);
(7) kidnapping (IC 35–42–3–2);
(8) rape (IC 35–42–4–1);
(9) criminal deviate conduct (IC 35–42–4–2);
(10) child molesting (IC 35–42–4–3);
(11) sexual misconduct with a minor as a Class A felony under IC 35–42–4–9(a)(2) or a Class B felony under IC 35–42–4–9(b)(2);
(12) robbery as a Class A felony or a Class B felony (IC 35–42–5–1);
(13) burglary as a Class A felony or a Class B felony (IC 35–43–2–1); or
(14) causing death when operating a motor vehicle (IC 9–30–5–5).
(b) As used in this section, "episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance.
(c) Except as provided in subsection (d) or (e), the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in IC 35–38–1–7.1(b) and IC 35–38–1–7.1(c) in making a determination under this subsection. The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

previously, the trial court considered Dixon's lengthy criminal history, the fact that one of the victims was less than twelve years of age, the circumstances of the crimes and the fact that there was a substantial risk that Dixon would commit further criminal acts if he were not incarcerated because there had been no rehabilitative effect shown from his prior incarceration.[2] Under these facts and circumstances, we cannot conclude that Dixon's aggregate seventy-six and one-half year sentence is inappropriate.

Moreover, we find no merit to Dixon's argument that the length of his sentence was inappropriate because he did not physically harm his victims. We note:

> While the absence of such conduct does not in *any* way lessen the severity of the crimes as such, and thus does *not* constitute a mitigating factor justifying a reduction or suspension of the presumptive sentence, the presence of aggravated brutality distinguishes the defendants who commit such acts and justifies a substantially aggravated term where it is present. We do not by this observation debase the seriousness of these crimes themselves. Nor do we suggest that the absence of collateral brutality prevents the imposition of an enhanced sentence. Nevertheless, a rational sentencing scheme should punish more severely those who brutalize the victims of their crimes.

*Beatty v. State,* 567 N.E.2d 1134, 1138 (Ind.1991) (*quoting Fointno v. State,* 487 N.E.2d 140, 148 (Ind.1986)). Dixon received the presumptive sentence for two of his four offenses. In addition, he received only slight enhancements for the remaining two offenses. Dixon's sentence falls squarely within a rational sentencing scheme for these offenses. His sentence was appropriate given the nature of the offenses and the character of the offender.

Dixon also asserts that the trial court improperly ordered his sentence to be served consecutive to his sentence in an adjacent county. In support of this assertion, Dixon cites *Lee v. State,* 816 N.E.2d 35 (Ind.2004), and *Thompson v. State,* 634 N.E.2d 775 (Ind.Ct.App.1994). However, Dixon's reliance on these two cases is misplaced. First, both cases deal with a previous version of Ind.Code § 35–50–1–2, the statute at the heart of the issue in the present case. In addition, *Lee* holds that an illegal sentence imposed pursuant to a plea agreement does not automatically render the entire agreement void, a holding that has no bearing on the issue in the case at bar.

▮ When interpreting a statute, we look to the express language of the statute and the rules of statutory construction. *Indiana State Teachers Ass'n. v. Board of School Com'rs of City of Indianapolis,* 693 N.E.2d 972, 974 (Ind.Ct.App.1998). However, we may not interpret a statute that is clear and unambiguous on its face. *Schafer v. Sellersburg Town Council,* 714 N.E.2d 212, 215 (Ind.Ct.App.1999). Rather, the words of the statute are to be given their plain, ordinary and usual meaning unless a contrary purpose is clearly shown by the statute itself. *Id.* Additionally, the language employed in a statute is deemed to have been used intentionally. *Id.*

---

**2.** We also note that Dixon's sentences for kidnapping and robbery, which are crimes of violence, were properly ordered served consecutively to each other and to his sentence for resisting law enforcement, which is not a crime of violence, even though all of these crimes arose out of the same criminal episode, because the total sentence for the Class D felony offense of resisting law enforcement is two and one-half years which is less than the four year presumptive sentence for a Class C felony. *See* Ind.Code § 35–50–1–2(a) and (c).

 Ind.Code § 35–50–1–2(c) provides, in pertinent part:

> Except as provided in subsection (d) or (e) [sub-sections mandating consecutive terms of imprisonment], the court shall determine whether terms of imprisonment shall be served concurrently or consecutively. The court may consider the aggravating and mitigating circumstances in IC 35–38–1–7.1(b) and IC 35–38–1–7.1(c) in making a determination under this subsection. *The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.* However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 [sentencing of habitual offenders] and IC 35–50–2–10 [sentencing of habitual substance offenders], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

(Emphasis added). As clearly stated by the italicized portion of subsection (c), the trial court has the discretion to order consecutive sentences even when the sentences are not contemporaneously imposed. *See Jones v. State*, 775 N.E.2d 322, 332 (Ind.Ct.App.2002) (noting the trial court's discretion under subsection (c)). In the present case, the trial court found it prudent, based upon the aggravating circumstances listed in Ind.Code § 35–38–1–7.1(b) and the nature of the case, to order Dixon to serve his sentence consecutively to the sentence he received in the adjacent county from which he was fleeing after committing a robbery at the time he entered this county and committed the offenses here. Thus, under the plain language of the statute, the trial court neither violated its statutory authority nor abused its discretion by ordering Dixon to serve consecutive sentences.

Dixon's seventy-six and one-half year sentence is appropriate, and the trial court was properly within its discretion when it ordered Dixon to serve his sentence consecutive to a sentence he received in another county.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.