## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2015, 9:01 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Randy M. Fisher
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stephen D. Booker, *Appellant-Defendant,* | December 23, 2015 |
| v. | Court of Appeals Case No. 02A04-1505-CR-307 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Frances C. Gull |
| | Trial Court Cause No. 02D05-1406-FB-110 |

**Vaidik, Chief Judge.**

# Case Summary

Stephen D. Booker appeals his eighteen-year sentence for Class B felony rape. He contends the trial court abused its discretion by not crediting his proffered mitigating circumstances and that his sentence is inappropriate. Finding no abuse of discretion and that Booker has failed to persuade us that his sentence is inappropriate, we affirm.

# Facts and Procedural History

P.J. went out with her sister and two friends to celebrate her twentieth birthday on March 23, 2013. Over the course of the evening, P.J. consumed enough alcohol to become incapacitated. At around 3:00 a.m., P.J.'s sister helped her get into bed and the sister stayed for about an hour before leaving P.J., asleep and alone. Before leaving, P.J.'s sister took P.J.'s key so that she could lock the door when she left the apartment. Unfortunately, the lock on P.J.'s apartment only worked if the door was being pulled while the key was being turned, and P.J.'s sister did not know that. Over the remainder of the early morning hours, neighbors came to check on P.J. multiple times. All of the neighbors agreed that they were unable to wake P.J.—that she was completely unresponsive.

Also on March 23, 2013, forty-two-year-old Stephen D. Booker was visiting friends who live in the same building as P.J. Booker went into P.J.'s apartment with Nina Williams when Williams was checking on P.J. "to see if she was

breathing." Tr. p. 110. Booker left Williams's apartment later in the morning, when Williams was going to bed.

[4] After leaving Williams's apartment, Booker entered P.J.'s apartment, uninvited. Booker began having sexual intercourse with P.J. while she was still incapacitated. P.J. finally awoke to find Booker having sex with her. She immediately ordered him out of her home.

[5] The State charged Booker with two counts of Class B felony rape: Count I, knowingly or intentionally having sexual intercourse with another person when the other person is unaware that sexual intercourse is occurring; and Count II, knowingly or intentionally having sexual intercourse with another person when the other person is so mentally disabled or deficient that consent to sexual intercourse cannot be given. The jury convicted Booker on both counts. The trial judge ordered the conviction on Count II vacated and sentenced Booker to eighteen years at the Indiana Department of Correction and lifetime parole on Count I. Booker now appeals his sentence.

# Discussion and Decision

[6] Booker appeals his sentence on the grounds that the trial court abused its discretion and that the sentence is inappropriate based on the nature of the offense and his character.

# I. Abuse of Discretion

[7] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including entering a sentencing statement that omits mitigating factors that are clearly supported by the record. *Id.* at 490-91. However, the "trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating factor[,]" nor is it required to give the same weight to proffered mitigating factors as the defendant does. *Gross v. State*, 769 N.E.2d 1136, 1140 (Ind. 2002). Booker bears the burden of establishing "that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer*, 868 N.E.2d at 493 (citing *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999)).

[8] Booker argues that the trial court abused its discretion by not finding the following to be mitigating factors: his recent college graduation, the hardship on his dependent children, his mental health history, and his history of substance abuse. The record reflects that the trial court considered the proffered mitigating factors, but did not find them significant.

[9] First, Booker contends that the trial court erred by failing to give weight to his recent degree from Brown Mackie College. He relies on *Hineman v. State*, 292 N.E.2d 618 (Ind. Ct. App. 1973), for the proposition that it is proper for the court to consider the defendant's school life and academic achievements.[1] This Court made clear in *Hineman* that "[t]he trial court may in its discretion consider [the defendant's] school life and academic achievements before commitment." *Id.* at 624. In this case, the trial court considered Booker's education, but found it not to be a mitigating circumstance. Sentencing Tr. p. 22. That is within the sentencing court's discretion.

[10] Second, Booker argues that the eighteen-year sentence will cause undue hardship for his dependent children. "Many persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). Booker has three minor, dependent children, and he pays $350 per month for their support. However, two of the children are seventeen and one is sixteen. The trial court observed that the minimum executed sentence would be six years. Even if the minimum sentence is imposed in this case, the children will be adults by the time Booker is released. Therefore, we see no abuse of discretion in the trial court's decision not to give weight to the hardship on Booker's children. *See Weaver v. State*, 845

---

[1] Hineman objected to his sentence on the ground that the "precommitment report" contained his juvenile record and statements which characterized him as a troublemaker in high school. *Hineman,* 292 N.E.2d at 623.

N.E.2d 1066, 1074 (Ind. Ct. App. 2006) ("[T]his mitigator can properly be assigned no weight when the defendant fails to show why incarceration for a particular term will cause more hardship than incarceration for a shorter term."), *trans. denied*.

[11] Next, Booker contends that the trial court should have considered his mental health history. This Court considers several factors in determining whether mental illness should be given mitigating weight. Those factors include "the extent of the inability to control behavior, the overall limit on function, the duration of the illness, and the nexus between the illness and the crime." *Covington v. State*, 842 N.E.2d 345, 349 (Ind. 2006). Here, Booker has shown no connection between his self-reported "Borderline Anxiety Disorder" and raping P.J. Appellant's App. p. 98. The trial judge properly declined to consider it.

[12] Finally, Booker argues that the trial court should have considered his history of substance abuse to be a mitigating factor. We recognize that a history of substance abuse may be a mitigating circumstance. *Field v. State*, 843 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*. However, "when a defendant is aware of a substance abuse problem but has not taken appropriate steps to treat it, the trial court does not abuse its discretion by rejecting the addiction as a mitigating circumstance." *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009), *trans. denied*. Given Booker's numerous convictions for crimes related to substance abuse, and his prior attempts at treatment, the trial court could have reasonably concluded that Booker was aware of his substance abuse and failed to take appropriate measures to treat it. Therefore, we see no abuse of

discretion in the trial court's decision not to give mitigating weight to his addictions.

[13] Booker has not proven that his proffered mitigating circumstances are significant and clearly supported by the record. Therefore, we conclude that the trial court did not abuse its discretion.

## II. Inappropriate Sentence

[14] Next Booker argues that his sentence is inappropriate given the nature of the offense and his character, and he asks us to revise his sentence under the authority of Indiana Appellate Rule 7(B). According to Indiana Code section 35-50-2-5, a person who commits a Class B felony (for crimes committed prior to July 1, 2014) is subject to a minimum sentence of six years, a maximum of twenty years, and an advisory term of ten years. Here, Booker received a sentence of eighteen years.

[15] Our appellate rules authorize revision of a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Our review under Appellate Rule 7(B) is extremely deferential to the trial court." *Dixon v. State*, 825 N.E.2d 1269, 1271 (Ind. Ct. App. 2005), *trans. denied*. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's

character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[16] Booker argues that his proffered mitigating factors—his recent graduation, his ability to provide for his minor children, his mental health history, and his history of substance abuse—combined with the testimony of his witnesses that he is a good father, son, and neighbor demonstrate good character. However, our review of the record also reveals that Booker's criminal history spans twenty-seven years and includes convictions for ten misdemeanors and one felony. No prior attempts at rehabilitation have succeeded.

[17] Further, Booker makes no argument with respect to the nature of the crime except to say that he "is not the most culpable offender that the Indiana Court of Appeals has scrutinized under these statutes." Appellant's Br. p. 14. While that may be true, it does not mitigate the fact that Booker entered P.J.'s apartment while she was asleep and unresponsive—which he knew because he saw her neighbor checking on her to be sure she was still breathing—and raped her.

[18] We find that sentence revision is not supported by the nature of the offense, or by the character of the offender. Booker has not presented sufficiently compelling evidence to override the decision of the trial judge.

[19] We affirm the decision of the trial court.

Bailey, J., and Crone, J., concur.