

**FILED**

Jun 16 2016, 9:13 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

**APPELLANT PRO SE**

William R. Dixon
Michigan City, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William R. Dixon,

*Appellant-Plaintiff*,

v.

Indiana Department of
Correction,

*Appellee-Defendant*.

June 16, 2016

Court of Appeals Case No.
49A04-1505-PL-484

Appeal from the Marion Superior
Court

The Honorable Cynthia J. Ayers,
Judge

The Honorable Anne M.
Flannelly, Magistrate

Trial Court Cause No.
49D04-1209-PL-35754

**Brown, Judge.**

[1]     William R. Dixon appeals the trial court's grant of summary judgment in favor of the Indiana Department of Correction ("DOC"). He raises four issues which we consolidate and restate as whether the trial court properly granted summary judgment to the DOC. We affirm.

*Facts and Procedural History*

[2]     The facts underlying Dixon's convictions stem from an August 8, 2003 incident in Starke County and are as follows:

> Dixon robbed a grocery store in one Indiana county and then fled to an adjacent county where he entered the victims' home to hide from the police. He then ordered the victim/mother to drive her car while Dixon, armed with a gun, rode in the trunk with the victim/son. Once the car was safely through the police roadblock, the victim/mother stopped the vehicle, and Dixon and the victim/son emerged from the trunk. Dixon left in the vehicle, and the victims walked until they found help. Dixon was eventually captured and pleaded guilty to two counts of kidnapping, one count of robbery, and one count of resisting law enforcement.

*Dixon v. State*, 825 N.E.2d 1269, 1270-1271 (Ind. Ct. App. 2005), *trans. denied*. The "victim/son" referenced in this Court's previous opinion was under twelve years old at the time. *Id.* at 1272. In 2004, Dixon pled guilty and was convicted of two counts of kidnapping as class A felonies, one count of robbery as a class B felony, and one count of resisting law enforcement as a class D felony. He is currently incarcerated at the Indiana State Prison where he is serving a sentence of seventy-six and one-half years for his convictions.

[3]     Dixon was convicted of kidnapping under Ind. Code § 35-42-3-2 (Supp. 2003) where the victim was under eighteen years old, and conviction for that offense[1] made him eligible for inclusion, pursuant to the Indiana Sex Offender Registry Act (the "Act") on the Indiana Sex Offender Registry, upon his release from incarceration. His earliest possible release date is November 5, 2041. Pursuant to the Act, Dixon was classified as a sex offender on the DOC's internal classification system. Individuals classified as sex offenders participate in treatment through the Sex Offender Management and Monitoring Program ("SOMM") three years prior to release from incarceration.[2]

[4]     In 2008, Dixon filed an appeal of his classification, which was denied, and he remains classified as a sex offender on the DOC's internal classification system. In December 2011, Dixon requested a "packet review" of his offender information packet, and Dan Bodlovich, head of classification, wrote in response that kidnapping a minor "is a registerable sex offense" under the Act and also that the

---

[1] At the time of Dixon's offense, Ind. Code § 5-2-12-4(a)(11) (Supp. 2003) provided, in part, that "[a]s used in this chapter, 'offender' means a person convicted of any of the following sex and violent offenses: . . . (11) Kidnapping (IC 35-42-3-2), if the victim is less than eighteen (18) years of age." Indiana Code § 5-2-12-4 was subsequently amended by Pub. L. No. 51-2005, § 1 and was repealed by Pub. L. No 140-2006, § 41, and Pub. L. No. 173-2006, § 55). The relevant provision is now found at Ind. Code § 11-8-8-4.5 and was added by Pub. L. No. 216-2007, § 12 and has been subsequently amended by Pub. L. No. 1-2012, § 2 (eff. Jan. 30, 2012); Pub. L. No. 72-2012, § 1; Pub. L. No. 13-2013, § 41 (eff. April 1, 2013); Pub. L. No. 214-2013, § 4 (eff. July 1, 2013); Pub. L. No. 158-2013, § 171 (eff. July 1, 2014); Pub. L. No. 168-2014, § 20 (eff. July 1, 2014) and Pub. L. No. 185-2014, § 2 (eff. July 1, 2014).

[2] *See Bleeke v. Lemmon*, 6 N.E.3d 907, 923 (Ind. 2014) (discussing details of Indiana's SOMM program, which has been in existence since 1999).

Act's registerable violent offenses are murder and voluntary manslaughter.[3] Appellant's Appendix at 86-87.

[5] On September 12, 2012, Dixon, *pro se*, filed a verified complaint for injunctive and declaratory relief against the DOC in the Marion Superior Court. The complaint requested that the trial court declare the DOC's classification of him as a sex offender in violation of the Federal and State *ex post facto* clauses and a violation of his right to due process under the Federal and State Constitutions, as well as a permanent injunction requiring the DOC to remove him from "the operation of the **Policy**" labeling him a sex offender. *Id.* at 149. On December 13, 2012, the DOC filed a motion to dismiss along with a memorandum of law. The court denied the DOC's motion to dismiss on June 18, 2013, and on August 7, 2013, the DOC filed an answer to Dixon's complaint.[4] On May 16, 2014, Dixon filed a motion for default judgment, which the court denied on August 26, 2014. The court scheduled a pre-trial conference for October 21, 2014 and a bench trial for October 28, 2014. An entry in the trial court's chronological case summary ("CCS") on October 22, 2014, shows that the bench trial previously scheduled for October 28, 2014, was cancelled by reason of "[j]udicial [a]ction."[5] *Id.* at 44. Another entry in

---

[3] Attempted murder and attempted voluntary manslaughter are also violent offenses for purposes of the Act. *See* Ind. Code § 11-8-8-5(a)(21) (Supp. 2012); *see also Gibson v. Ind. Dep't of Correction*, 899 N.E.2d 40, 44 (Ind. Ct. App. 2008), *trans. denied*.

[4] The DOC's answer is not in the record.

[5] The record does not explain the meaning of the phrase, "judicial action." Appellant's Appendix at 44.

the CCS, dated October 23, 2014, states: "Jacket Entry: Defendant to file motion for summary judgment. Bench trial vacated." *Id.*

[6] On December 18, 2014, the DOC filed a motion for summary judgment, designation of evidence, and a memorandum of law. On January 15, 2015, Dixon filed his response to the DOC's motion and a designation of evidence. Following a hearing on April 29, 2015, at which Dixon appeared telephonically and the DOC appeared by counsel, the court granted the DOC's motion for summary judgment that same date. The order provides in part:

> The Court FINDS that the Plaintiff was convicted May 11, 2004 in Starke County, Indiana, in cause 75C01-0308-FA008 of Kidnapping, a Class A Felony; Kidnapping (of a Minor), a Class A Felony; Robbery, a Class B Felony; and Resisting Law Enforcement, a Class D Felony. Plaintiff's total sentence was 76 ½ (seventy six and one-half) years in the Indiana Department of Correction, with an earliest projected release date of November 5, 2041. The Department of Correction classified the Plaintiff as a sex offender under the Indiana sex offender statute because he kidnapped a child. Under current law, the Plaintiff would be required to attend the Indiana Sex Offender Management and Monitoring Program ("SOMM") three years before his release date; that is, the Plaintiff would not have to participate in the program until approximately 2037. The Plaintiff's claims are not ripe for adjudication, because his participation in the SOMM program and requirement to register as a sex offender will not occur for at least another 26 years. I.C. 11-8-8-4.5 is not an ex-post facto law as applied to the Plaintiff. When the Plaintiff committed Kidnapping (of a minor) in 2003, Indiana Code 5-2-4-2-4 listed a person who kidnapped a victim less than eighteen (18) years of age as one definition of an offender under the sex offender statute. The Indiana Department of Correction is not applying any law that was not in place when the Plaintiff

committed his crime. The Plaintiff's challenge to participate in the SOMM program is not ripe for adjudication. The Plaintiff's challenge to any obligation he may have to register as a sex offender is also not ripe for adjudication.

The Court FINDS that there is no genuine issue of material fact pursuant to Indiana Rule of Trial Procedure 56 and the Defendant is entitled to judgment in its favor as matter of law on the issues raised in the Defendant's Motion for Summary Judgment.

Appellant's Appendix at 53-54.

## Discussion

[7]     The issue is whether the trial court erred in granting the DOC's motion for summary judgment.[6] We note that Dixon is proceeding *pro se*, and that such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. To the extent he fails to develop a cogent argument or cite to the record, we conclude such arguments are waived. *See Loomis v. Ameritech Corp.*, 764 N.E.2d 658, 668 (Ind. Ct. App. 2002)

---

[6] Dixon also asserts that the trial court violated his due process right to be heard when it cancelled a previously scheduled bench trial to hear the DOC's motion for summary judgment. Indiana Trial Rule 56(B) provides that a defending party "may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Due process generally includes the right to be heard, *see Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008), and Dixon had the opportunity to be heard at the summary judgment hearing, where, in addition to his response to the DOC's motion for summary judgment and designation of evidence, he also presented argument in support of his position at the hearing. We cannot say that the cancellation of the bench trial to hold a hearing on the DOC's motion for summary judgment resulted in any due process violation.

(holding argument waived for failure to cite authority or provide cogent argument), *reh'g denied*, *trans. denied*.

[8] We review an order for summary judgment *de novo,* applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). The moving party bears the initial burden of making a *prima facie* showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013). Summary judgment is improper if the moving party fails to carry its burden, but if it succeeds, then the nonmoving party must come forward with evidence establishing the existence of a genuine issue of material fact. *Id.* We construe all factual inferences in favor of the nonmoving party and resolve all doubts as to the existence of a material issue against the moving party. *Id.*

[9] Dixon argues that his classification as a sex offender is *ex post facto* punishment which he states alters his "punishment phase, restrictions, and registration requirements, which includes length of time, SOMM program, where one could live and work" and that he will experience "a new social stigma which will weight [sic] heavier on Dixon's mental anguish than it would as being seen by society or his peers as an ex-violent offender, rather than being seen as SO/ZSO." Appellant's Brief at 9. He asserts that his claim is ripe for review in that he is "being harmed **presently** by mental anguish, defamation of character, and a possible physical harm within a prison setting." *Id.* at 16.

The State maintains that Dixon's classification as a sex offender does not violate the *ex post facto* clause because "no law is being applied retroactively to classify him as a sex offender." Appellee's Brief at 26. It further argues that Dixon's challenge to any obligation he may have to participate in the SOMM program and to register as a sex offender upon his release from incarceration is not ripe for review.

The Indiana Constitution provides that "[n]o ex post facto law . . . shall ever be passed." IND. CONST. art. 1, § 24. The *ex post facto* clause prohibits the Legislature from enacting "any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Jensen v. State*, 905 N.E.2d 384, 389 (Ind. 2009). "The underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to a fair warning of that conduct which will give rise to criminal penalties." *Wallace v. State*, 905 N.E.2d 371, 377 (Ind. 2009) (citing *Armstrong v. State*, 848 N.E.2d 1088, 1093 (Ind. 2006), *cert. denied*, 549 U.S. 996, 127 S. Ct. 513 (2006)), *reh'g denied*.

In this case, the version of the Act in effect at the time Dixon filed his complaint leaves him in the same position he was in when he committed the offense of kidnapping a minor. At the time of the complaint, Ind. Code § 11-8-8-4.5(a)(11) (Supp. 2012)[7] provided, in part, that

---

[7] The excerpted language from this subsection that was in effect at the time of the April 29, 2015 summary judgment hearing contains identical language.

Except as provided in section 22 of this chapter, as used in this chapter, 'sex offender' means a person convicted of any of the following offenses:

* * * * *

(11) Kidnapping (IC 35-42-3-2), if the victim is less than eighteen (18) years of age, and the person who kidnapped the victim is not the victim's parent or guardian.

The designated evidence shows that when Dixon committed the offense his crime was among those included as making him eligible to register on the sex offender registry upon his release from incarceration. *See* Ind. Code § 5-2-12-4(a)(11) (Supp. 2003) (defining an "offender" as "a person convicted of any one of the following sex and violent offenses" and including, among other offenses, "[k]idnapping (IC 35-42-3-2), if the victim is less than eighteen (18) years of age"); Ind. Code § 5-2-12-5(i) (Supp. 2003) (providing that offenders shall register with a sheriff or the police of a consolidated city and that "[t]he sheriff with whom an offender registers under this section shall make and publish a photograph of an offender on the Indiana sheriffs' *sex offender registry web site* established under IC 36-2-13-5.5) (emphasis added).[8] Thus, the relevant statutes

---

[8] Indiana Code § 5-2-12-5 was subsequently amended by Pub. L. No. 64-2005, § 3 and repealed by Pub. L. No 140-2006, § 41, and Pub. L. No. 173-2006, § 55. The relevant provision is now found at Ind. Code § 11-8-8-7 and was added by Pub. L. No. 140-2006, § 13, and Pub. L. No. 173-2006, § 13, and has been amended by Pub. L. No. 2-2007, § 151; Pub. L. No. 216-2007, § 15; Pub. L. No. 119-2008, § 5; Pub. L. No. 114-2012, § 24; and Pub. L. No. 214-2013, § 6, (eff. July 1, 2013).

in effect at the time of Dixon's offense provided notice of the consequences of a conviction for kidnapping when the victim is less than eighteen years old. We conclude that Dixon is not being punished for conduct that was not punishable at the time it was committed nor is he being subjected to additional punishment to that prescribed at the time of the offense. His classification as a sex offender due to his conviction of kidnapping a minor does not violate the *ex post facto* clause of the Indiana Constitution.[9]

[13] With respect to Dixon's challenges to his participation in the SOMM program three years prior to his scheduled release from incarceration and to register as a sex offender when he is released, we cannot say that those claims are ripe for review. Ripeness "relates to the degree to which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Ind. Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.*, 643 N.E.2d 331, 336 (Ind. 1994). The designated evidence shows that Dixon has been classified as a sex offender in the internal classification system of the DOC, and there is no indication in the record that he has been court-ordered to register as a sex offender or that he has been notified by any correctional authority or registry coordinator that he will be required to do so. Dixon would not begin participating in the SOMM program until approximately 2037, and his

---

[9] To the extent Dixon argues his classification as a sex offender is a violation of the Federal *ex post facto* clause and having determined, as discussed above, that Dixon's classification as a sex offender does not implicate the concerns of the *ex post facto* clause under the Indiana Constitution, we cannot say that he has demonstrated a violation under the Federal *ex post facto* clause.

earliest possible release date is November 5, 2041, which is over twenty-five years in the future. *See Gardner v. State*, 923 N.E.2d 959, 959-960 (Ind. Ct. App. 2009) (explaining that an inmate's registration on the sex offender registry was determined to be "a matter of speculation as to what registration requirements, if any, will impact [defendant] upon his release, a minimum of five years in the future. Because there is no immediate dispute over whether [defendant] must register as a violent offender upon his release, there is no issue before us ripe for appellate review"), *trans. denied*.

[14] As for Dixon's assertion that he currently suffers loss of privileges and programs available to others and a stigma causing him mental anguish, even if we were to determine such claims are ripe they are based on his alleged erroneous classification, and we have already determined that he has not been erroneously classified. Therefore, such claims fail.

[15] Based upon the designated evidence, the trial court did not err in granting summary judgment in favor of the DOC.

## Conclusion

[16] For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of the DOC.

[17] Affirmed.

Baker, J., and May, J., concur.