## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 18 2018, 6:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ronald Rostochak
New Castle, Indiana

AMICI CURIAE PRO SE

Timothy Galey
Ryan Willoughby
Brian Woodring
Jesse Cole
Joel A. Richardson
Gregory Owens
Mason Brown
Robert Mow
Dallas Hartman
James Kanable
Steven E. Malloch
Jesston L. Cora
Ryan Myers
Ronald Sweatt
Jonathan Crosson
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald Rostochak, | October 18, 2018 |
| *Appellant-Defendant,* | Court of Appeals Case No. 92A05-1710-CR-2316 |
| v. | Appeal from the Whitley Circuit Court |
| State of Indiana, | The Honorable James R. Heuer, Senior Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 92C01-0911-FA-132 |

**Kirsch, Judge.**

Ronald Rostochak ("Rostochak") appeals the trial court's order denying his petition for educational credit. Because Rostochak has already received the educational credit that he requests, we dismiss his appeal as moot.

## Facts and Procedural History

From September 2007 to December 2008, Rostochak molested M.E., beginning when she was twelve years old. *Rostochak v. State*, No. 92A05-1112-CR-688, at *1-2 (Ind. Ct. App. Dec. 31, 2012), *trans. denied*. In 2011, he was convicted of Class A felony child molesting and sentenced to thirty years, with five years suspended, for a total executed sentence of twenty-five years. *Appellant's App. Vol. II* at 35-37. From 1996 through 1997, prior to incarceration, Rostochak had earned forty-two credit hours at University of Northwestern Ohio. *Id*. at 18. On August 9, 2014, while incarcerated, Rostochak completed his associate degree at Grace College by earning eighteen more credit hours from January to August 2014. *Id*. at 17-18. The Indiana Department of Correction ("DOC")

awarded Rostochak 110 days of educational credit after the completion of his associate degree.  *Id*. at 17.

[3]  On July 28, 2017, Rostochak filed an informal complaint, requesting that he be awarded one year of educational credit for his associate degree.  *Id*. at 15.  On August 3, 2017, a member of the DOC staff, after reviewing Rostochak's complaint, responded that this was "a legislative issue."  *Id*.  On August 8, 2017, Rostochak filed an offender grievance, which again requested that he be awarded one year of educational credit for completing his associate degree.  *Id*. at 14.  On August 28, 2017, DOC staff responded that classification issues cannot be resolved through the grievance process and that such issues are to be appealed through their own appeal process.  *Id*. at 13.  On September 5, 2017, Rostochak filed a classification appeal, which the DOC denied.  *Id*. at 12.

[4]  On September 11, 2017, Rostochak filed a petition for educational credit with the trial court, which was denied the same day.  *Id*. at 4-5, 22.  After the trial court denied Rostochak's petition for educational credit, he filed this appeal. On March 20, 2018, Rostochak filed a motion to certify his appeal as a class action, and in the motion, he admitted "that the Appellant has now received the full 365 days educational credit for completion of his associate[] degree he requested in his appeal."  *Motion to Certify Appeal as a Class Action* at 2.

## Discussion and Decision

[5]  Rostochak argues that the trial court abused its discretion when it denied his petition for educational credit.  He asserts that because he completed an

associate degree, he is entitled to the full 365-day educational credit.  However, the record shows that Rostochak has received the educational credit he requests.

[6]     "[W]here the principal questions at issue cease to be of real controversy between the parties, the errors assigned become moot questions, and this court will not retain jurisdiction to decide them."  *Sainvil v. State*, 51 N.E.3d 337, 342 (Ind. Ct. App. 2016), *trans. denied*.  Therefore, when we are not able to provide effective relief upon an issue, "the issue is deemed moot, and we will not reverse the trial court's determination where absolutely no change in the status quo will result."  *Id*.  Here, Rostochak concedes that the DOC awarded him "the full 365 days [of] educational credit for [the] completion of his associate[] degree" he is requesting on appeal.  *Motion to Certify Appeal as a Class Action* at 2.  Accordingly, there is no effective relief for this court to give Rostochak, and his appeal is moot.

[7]     Although we do not usually review moot issues, "Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of 'great public interest.'"  *Breedlove v. State*, 20 N.E.3d 172, 174 (Ind. Ct. App. 2014) (citing *In re Lawrance*, 579 N.E.2d 32, 37 (Ind. 1991)), *trans. denied.*  "'Cases in this category typically raise important policy concerns and present issues that are likely to recur.'"  *Id.* (quoting *Mosley v. State,* 908 N.E.2d 599, 603 (Ind. 2009)).  Rostochak's issue on appeal only affects a specific subset of prisoners -- those who committed their crimes after July 1, 1993, when the educational credit statute was added, *see*

*Budd v. State*, 935 N.E.2d 746, 752-53 (Ind. Ct. App. 2010) (stating that there was no educational credit statute until Indiana Code section 35-50-6-3.3 was added in 1993), completed some courses before their incarceration, and finished their degrees after July 1, 2014, when subsection (e) was added to Indiana Code section 35-50-6-3.3. Ind. Code § 35-50-6-3.3(e) ("Credit time earned under this section must be directly proportional to the time served and course work completed while incarcerated."). This case does not present a question of great public interest, and we will not deviate from the general rule of not deciding moot cases. We, therefore, dismiss Rostochak's appeal as moot.[1]

[8] Dismissed.

Vaidik, C.J., and Riley, J., concur.

---

[1] Rostochak also raises an issue regarding his concern that the DOC will miscalculate his educational credit when he completes his bachelor's degree. However, we do not reach such issue for any one of several reasons. First, Rostochak has not exhausted his administrative remedies regarding his claim. "'When educational credit time is denied, a person must exhaust his administrative remedies within the DOC before appealing to a court because determinations altering credit time are the responsibility of the DOC.'" *Ellis v. State*, 58 N.E.3d 938, 941 (Ind. Ct. App. 2016) (quoting *Stevens v. State*, 895 N.E.2d 418, 419 (Ind. Ct. App. 2008)), *trans. denied*. Second, Rostochak did not raise this issue to the trial court and it is, therefore, waived. *Leatherman v. State*, 101 N.E.3d 879, 885 (Ind. Ct. App. 2018) ("[A] party may not present an argument or issue on appeal unless the party raised that argument or issue before the trial court. In such circumstances the argument is waived."). Third, Rostochak's claim is not yet ripe for review because he has not yet finished his bachelor's degree and received a calculation of educational credit from the DOC. "Ripeness 'relates to the degree to which the defined issues in a case are based on actual facts, rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record.'" *Dixon v. Ind. Dep't of Corr.*, 56 N.E.3d 47, 52 (Ind. Ct. App. 2016) (quoting *Ind. Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.,* 643 N.E.2d 331, 336 (Ind. 1994)).